**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TERRA TERSUS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 6:17-cv-00697 |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| XTO Energy Inc., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff Terra Tersus LLC ("Plaintiff" or "Terra Tersus"), by and through its attorneys, for its Original Complaint against XTO Energy Inc. ("Defendant" or "XTO"), and demanding trial by jury, hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe U.S. Patent No. RE 46,632, as described herein.

2.     The '632 Patent is generally directed to a closed loop apparatus, system, process or method adapted for processing/recycling drilling mud used in a down hole well drilling process such that any undesirable particulate such as cuttings from the down hole well drilling process will be substantially, if not completely separated from the dirty mud while at the same time allowing the recycled drilling mud to be continuously circulated with the drilling mud.

3.      XTO manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing systems and services. It further assists and encourages others, including its customers, to purchase, install and use its systems and services in an infringing manner, as set forth herein.

4.      Terra Tersus seeks past and future damages and prejudgment and post judgment interest for XTO's past infringement, as set forth below.

## II.  PARTIES

5.      Plaintiff Terra Tersus is a limited liability company organized and existing under the laws of the State of New Mexico.

6.      On information and belief, Defendant XTO is a corporation organized under the laws of Delaware, having an established place of business in this Judicial District 6141 Paluxy Drive, Tyler, TX 75703. XTO's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## III.  JURISDICTION AND VENUE

7.      This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

8.      This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has a regular and established place of business in this district, has transacted business in this District, and has committed and/or induced acts of patent infringement in this district.

10.      On information and belief, Defendant XTO is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## IV.   FACTUAL ALLEGATIONS

### PATENTS-IN-SUIT

11.     Terra Tersus is the owner of all right, title and interest in and to U.S. Patent No. 8,844,650 (the "'650 Patent"), entitled "Drilling Mud Closed Loop System, Method, Process and Apparatus for Reclamation of Drilling Mud," issued on September 30, 2014.

12.     Terra Tersus filed a reissue application based on the '650 Patent on August 24, 2016.  That reissue application resulted in RE 46,632, which issued on December 12, 2017.  Terra Tersus is the owner of all right, title and interest in and to U.S. Patent No. RE 46,632 (the "'632 Patent").

13.     Upon issuance of the '632 Patent, the '650 Patent was automatically surrendered. *See* 35 U.S.C. §251; 37 C.F.R. §1.178.

14.     Terra Tersus is the assignee of the '632 Patent, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

### DEFENDANT'S ACTS

15.     XTO operates oil well sites throughout the United States.  It owns interests in more than 55,000 producing oil and natural gas wells across the United States, and holds more than 11 million acres.

16.     XTO operates oil well sites in which closed-loop drilling fluid reclamation is performed.

17. For example, in connection with an Application for Permit to Drill (or "APD") to the State of Colorado, XTO provided the following high-level diagram of a closed-loop drilling fluid reclamation system:



XTO Energy Inc. UTE 2R API: 50-067-07920-0000 at p. 5.

18. In the APD, XTO represented that a closed loop system would be implemented for drilling fluid and cuttings management. This would include several 400 bbl pit tanks, catch tank for the solids, centrifuge and other solids control kit (generator, circuit control, pump, etc.).

19. In the APD, XTO represented that once drilling is completed, the fluid will be re-used for deepening subsequent wells.

20. In the APD, XTO estimated drilling fluid volume at 200-400 bbl.

21. XTO further instructs its drillers regarding the implementation and operation of the accused instrumentalities.

22.     On information of belief, Defendant XTO also implements contractual protections in the form of license and use restrictions with its drillers to mandate their compliance with XTO's requirements.

<u>PRIOR KNOWLEDGE OF THE PATENTS-IN-SUIT</u>

23.     By letters dated August 24, 2014 and February 9, 2015, XTO was provided (and on information and belief actually received) notice of the '650 Patent, and consequently has actual and/or constructive knowledge of the '632 Patent.

## V.   COUNT OF PATENT INFRINGEMENT

COUNT ONE
<u>INFRINGEMENT OF U.S. PATENT NO. RE 46,632</u>

24.     Terra Tersus incorporates by reference its allegations in Paragraphs 1-23 as if fully restated in this paragraph.

25.     Terra Tersus is the assignee and owner of all right, title and interest to the '632 Patent.  Terra Tersus has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

26.     On information and belief, Defendant XTO, without authorization or license from Terra Tersus, has been and is presently directly infringing at least claims 41 and 44 of the '632 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '632 Patent.  Defendant XTO is thus liable for direct infringement of the '632 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include the closed loop drilling fluid reclamation systems operated by XTO.

27.     On information and belief, following the above-referenced notice and at least since the filing of the Original Complaint, Defendant XTO, without authorization or license from Terra

Tersus, has been and is presently indirectly infringing at least claims 41 and 44 of the '632 Patent, including actively inducing infringement of the '632 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that XTO knows or should know infringe one or more claims of the '632 Patent.  XTO instructs its customers to make and use the patented inventions of the '632 Patent by operating XTO's products in accordance with XTO's specifications.  XTO specifically intends its customers to infringe by implementing its systems to provide closed-loop drilling mud reclamation in an infringing manner.

28.     On information and belief, following the above-referenced notice and at least since the filing of the Original Complaint, Defendant XTO, without authorization or license from Terra Tersus, has been and is presently indirectly infringing at least claims 41 and 44 of the '632 Patent, including by contributing to the infringement of the '632 Patent under 35 U.S.C. § 271(c).  The system operated by XTO and required to be used by its drillers is not a staple article of commerce, and has no substantial noninfringing uses.

29.     As a result of XTO's infringement of the '632 Patent, Terra Tersus has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI.     JURY DEMAND

30.     Plaintiff Terra Tersus demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Terra Tersus prays for judgment and seeks relief against Defendant as follows:

A.    That the Court determine that one or more claims of the '632 Patent is infringed by Defendant XTO, either literally or under the doctrine of equivalents;

B.    That the Court award damages adequate to compensate Terra Tersus for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.    That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

D.    That the Court aware enhanced damages pursuant to 35 U.S.C. § 284;

E.    That the Court award such other relief to Terra Tersus as the Court deems just and proper.


DATED: December 19, 2017                    Respectfully submitted,


                                            */s/  Andrew G. DiNovo*_____
                                            Andrew G. DiNovo
                                            Texas State Bar No. 00790594
                                            adinovo@dinovoprice.com
                                            Adam G. Price
                                            Texas State Bar No. 24027750
                                            aprice@dinovoprice.com
                                            Daniel L. Schmid
                                            Texas State Bar No. 24093118
                                            dschmid@dinovoprice.com
                                            **DINOVO PRICE LLP**
                                            7000 N. MoPac Expressway, Suite 350
                                            Austin, Texas 78731
                                            Telephone: (512) 539-2626
                                            Telecopier: (512) 539-2627

                                            ***Counsel for Plaintiff Terra Tersus LLC***