# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **TERRA TERSUS, LLC** | § | |
| | § | CASE NO. 6:17-CV-697-RWS-KNM |
| v. | § | LEAD CASE |
| | § | |
| **XTO ENERGY, INC.** | § | |

| | | |
|---|---|---|
| **TERRA TERSUS, LLC** | § | |
| | § | CASE NO. 6:17-CV-698-RWS-KNM |
| v. | § | |
| | § | |
| **NATIONAL OILWELL VARCO, L.P.** | § | |

**[PROPOSED] DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

    case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

      **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    "Defendant Group" refers to XTO Energy, Inc. ("XTO") and National Oilwell Varco, L.P. ("NOV"). To the extent possible, XTO and NOV are to coordinate their

discovery efforts as to "Common Issues," including patent validity and enforceability. In keeping with the above, the following discovery limits are agreed to:

- Interrogatories:
    - Defendant Group may serve up to 10 Common Issue interrogatories on Plaintiff.
    - Plaintiff may serve up to 10 Common Issue Interrogatories on the Defendant Group.
    - XTO and NOV may each individually serve up to 10 additional interrogatories on Plaintiff.
    - Plaintiff may serve up to 10 additional interrogatories on each of XTO and NOV.
- Requests for Admissions ("RFA")
    - Plaintiff may serve up to twenty five (25) requests for admission on each of XTO and NOV, other than those directed to authentication and admissibility of evidence.
    - XTO and NOV may each serve twenty five (25) requests for admission on Plaintiff, other than those directed to authentication and admissibility.
    - The parties will confer to work out an appropriate agreement/stipulation concerning document authenticity prior to trial and shall not withhold agreement to reasonable proposals. Should the parties prove unable to agree, the parties may serve unlimited RFA's directed to authentication and admissibility of evidence.
- Number of Experts

- - o   Plaintiff, XTO, and NOV may each retain up to 3 expert witnesses.
- Depositions Generally.
  - o   The parties shall use reasonable, good faith efforts to avoid cumulative or unnecessary depositions.
- Depositions by Plaintiff
  - o   Plaintiff may take up to 35 hours of non-expert depositions of each of XTO and NOV witnesses (including Rule 30(b)(1) and Rule 30(b)(6) depositions, but excluding experts.)  30(b)(6) depositions of each of XTO and NOV shall be no more than 14 hours and no more than 7 hours per day.
  - o   Plaintiff may take up to an additional 35 hours of non-expert depositions of non-party witnesses.
  - o   No non-expert witness testifying in his or her individual capacity may be deposed more than once or for more than 7 hours.
- Depositions by Defendants
  - o   Defendant Group may take up to 35 hours of non-expert depositions of Plaintiff witnesses (including Rule 30(b)(1) and Rule 30(b)(6) depositions, but excluding experts.)  The 30(b)(6) deposition of Plaintiff shall be no more than 14 hours and no more than 7 hours per day.
  - o   Defendant Group may take up to an additional 35 hours of non-expert depositions of non-party witnesses.
  - o   No non-expert witness testifying in his or her individual capacity may be deposed more than once or for more than 7 hours.

- Expert Depositions
    - The parties agree that when a party issues an individual report to another party, deposition of expert witnesses shall be limited to seven (7) hours per initial report and up to four (4) additional hours for each report to an individual party supplementing an original report.
    - If an expert provides a report that relates to multiple parties, the expert may be deposed for seven (7) hours plus four (4) hours per additional party (such that, for example, if Plaintiff's expert issues a single report on damages applicable to XTO and NOV, that expert would be subject to 11 hours of depositions) and up to four (4) additional hours per report supplementing an initial report. Notwithstanding the foregoing, invalidity experts may be deposed for seven (7) hours per report plus (4) hours per supplemental report.
- Depositions on Written Questions
    - The parties may serve ten (10) document subpoenas and depositions on written questions, respectively, on third parties as permitted by the Federal Rules of Civil Procedure.
- ESI Disclosures
    - Should e-mail discovery become necessary under the ESI Stipulated Order, on August 10, 2018, the parties shall disclose the identification of the three (3) e-mail custodians in view of the pleaded claims and defenses, as required by the ESI Stipulated Order.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains

information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

    (c)    In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) (and local counsel, if any) shall meet and confer in

        person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery:**

    (a)    <u>**Service by Electronic Mail.**</u> The parties shall make every effort to serve all documents electronically, by email or through ECF. The parties may serve all documents by email by sending the documents to the email address designated for service by a party's outside counsel of record, which email address shall serve only outside counsel of record and those employed by outside counsel of record. Where a document is too large to serve by email or requires additional security, the serving party shall send an email notice providing instructions for downloading the document via FTP or similar file transfer service. The parties agree that service by email before midnight local time where the court is located

shall be considered timely served that day in compliance with Local Rule CV-5(a)(3)(C-D).

(b) **Exception to the Obligation to Log Privileged Documents**. The parties agree that documents or information created subsequent to December 19, 2017 the work product of each party's litigation counsel created after Jun 19, 2017, and communications between a single party's outside litigation counsel created after June 19. 2017, that are protected by attorney-client privilege or work product doctrine, including any applicable common interest or joint defense privileges, do not have to be identified on a privilege log, except as provided under Local Patent Rule 3-7.

(c) **Federal Rule of Evidence 502(d).** The Parties stipulate that Federal Rule of Evidence 502(d) shall apply to all discovery in this lawsuit – specifically, that any otherwise applicable privileges or protections are not waived by disclosure connected with this lawsuit.

(d) **Expert Discovery.** The parties agree that the following materials shall not be subject to discovery in this litigation: (a) draft expert reports; (b) notes, outlines, and any other materials used to prepare any draft expert report; (c) communications and conversations between counsel and testifying or consulting experts, unless such conversations or communications are relied upon as a basis for any opinions provided in any expert report or expert testimony; (d) information, analyses, opinions, or other materials from any outside consultant or expert, unless such information, analyses, opinions, or other materials are relied upon as a basis for any opinions provided in an expert report or expert testimony;

   (e) documents, other discovery materials or other documents and information considered but not relied upon as a basis for any opinions provided in an expert report or expert testimony.  Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product privileged but need not be logged on a privilege log. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

 (e) **Third Party discovery.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within two (2) business days or sooner if necessary for the receiving parties to have reasonable opportunity to review the documents before an event (e.g., deposition). Where reproduction of documents within the time required by this paragraph is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.