# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TERRA TERSUS, LLC | § § | CASE NO. 6:17-CV-697-RWS-KNM |
| v. | § § | LEAD CASE |
| XTO ENERGY, INC. | § § | |

| | | |
|---|---|---|
| TERRA TERSUS, LLC | § § | CASE NO. 6:17-CV-698-RWS-KNM |
| v. | § § | |
| NATIONAL OILWELL VARCO, L.P. | § § | |

**[PROPOSED] E-DISCOVERY ORDER**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

2. This Order may be modified in the Court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the author or sender and a complete list of recipients, shall be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    a. **General Document Image Format**. ESI shall be produced in single-page Tagged Image File Format ("TIFF") format, in the form in which it is ordinarily maintained ("native format"), or in multi-page PDF format. Produced documents shall be named with a unique production number followed by the appropriate file extension. Documents produced in native format may indicate the confidentiality designation in a corresponding TIFF slip sheet or in the filename of the native file. Load files shall be provided to indicate the location and unitization of the TIFF or PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

The load file for ESI documents will include the following fields, to the extent they exist:

- Beginning Doc (corresponding to the Bates number)
- Ending Doc (corresponding to the Bates number)
- Page Count
- Author
- To
- CC
- BCC
- Subject

- Date and Time Sent
- Date and Time Received
- Date Created
- Date Accessed
- Date Modified
- Filename
- Filepath
- File type

To the extent that e-mail attachments are not immune from discovery as privileged or otherwise, all attachments to e-mails will be included in the production.

b. **Text-Searchable Documents**. Documents shall be produced in a text-searchable format. To the extent practicable, each individual document based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the document.

c. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

d. **Native Files**. A party is not required to produce the same ESI in more than one format. For good cause, a party that receives a document produced in a format specified above may make a reasonable request to have the document reproduced in its native format. Upon the showing of good cause, the producing party shall reproduce the document in its native format. Wholesale requests to reproduce categories of documents in native format shall not constitute good cause.

e. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case. Absent a showing of good cause by the requesting party, the parties shall not be required to

modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

f.   **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, mobile phones, text messages, instant messages and chats are deemed not reasonably accessible and need not be collected and preserved.

g.   **Production Media.** Documents shall be produced on external hard drives, USB drives, CDs, or DVDs; production by FTP rather than on hard media will be acceptable; and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; and (3) the Bates-number range of the materials contained on the production media. The parties may provide encrypted media for production.

h.   **Confidentiality Designation**. Responsive documents in TIFF or PDF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing.

i. **Source Code**. To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. Nothing in this Order governs source code production.

j. **Redaction of Information**. Redacted documents and redacted portions of documents are subject to the parties' agreement in the Discovery Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration, or addition to the metadata therewith.

k. **Other Inaccessible ESI**. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved, searched, or produced.

- Deleted, slack, fragmented, or other data only accessible by forensics.

- Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

- On-line access data such as temporary internet files, history, cache, cookies, and the like.

- Data in metadata fields that are frequently updated automatically, such as last opened dates.

- Back-up data that are substantially duplicative of data that are more accessible elsewhere.

- Server, system or network logs.

- Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

- Data remaining from systems no longer in use that is unintelligible on the systems in use.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or

other forms of electronic correspondence (collectively "e-mail"). The parties' discovery obligations in this case will not include the production of e-mail, except that:

    a.    For specific issues, to the extent a party reasonably believes that e-mail will contain relevant, non-duplicative information after considering the documents produced from non-e-mail custodial sources, the party may serve e-mail production requests on an opposing party that will identify the custodian, search terms, and time frames for that specific issue. Prior to any party's service of such requests, the parties will meet and confer in good faith to identify the proper custodians, proper search terms, and proper time frames.

    b.    The search terms will be narrowly tailored to specific issues, and a party may serve requests with different search terms for different custodians. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive or otherwise limiting combination of multiple words or phrases (e.g., "computer" and "system"; "computer" /10 "system"; "computer" but not "system") narrows the search and will count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase will count as a separate search term unless the words or phrases are variants or synonyms of the same word or phrase. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and will be considered when determining whether to shift costs for disproportionate discovery.

    c.    Each requesting party will limit its e-mail production requests to a total of ten (10) search terms per custodian. E-mails will be searched without regard to capitalization.

    d.    The number of custodians who may be the object of e-mail production requests will be limited to three (3) custodians for each Defendant, and three (3) custodians for the Plaintiff. In other words, each Defendant is not required to search the e-mails of more than three (3) of its custodians, and the Plaintiff is not required to search the e-mails of more than three (3) of its custodians.

    e.    The parties will respond to requests for production of e-mails consistent with Federal Rule of Civil Procedure 34(b)(2), except as otherwise provided in this Order.

    f.    The parties may jointly agree to modify the limits on search terms and custodians without the Court's leave.

    g.    Nothing in this Order prevents a party from voluntarily producing the e-mails of its own custodians.

    7.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

    8.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

    9.    Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

**IT IS SO ORDERED.**