IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TERRA TERSUS, LLC, | § | |
| | § | |
| v. | § | 6:17-CV-697-RWS-KNM |
| | § | LEAD CASE |
| XTO ENERGY INC. | § | JURY DEMANDED |

| | | |
|---|---|---|
| TERRA TERSUS, LLC, | § | |
| | § | |
| v. | § | 6:17-CV-698-RWS-KNM |
| | § | JURY DEMANDED |
| NATIONAL OILWELL VARCO, L.P. | § | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Defendants XTO Energy Inc. ("XTO") and National Oilwell Varco, L.P. ("NOV") (collectively, "Defendants") provide this response to Plaintiff Terra Tersus LLC's ("Plaintiff") Motion to Dismiss "its claims **and Defendants' counterclaims** against it without prejudice…." (Document 66) ("Motion") (emphasis added). Defendants do not oppose the Motion as to Plaintiff's request to dismiss Plaintiff's claims without prejudice. Defendants oppose the Motion as to Plaintiff's request to dismiss Defendants' counterclaims because Fed. R. Civ. P. 41 requires that Defendant's counterclaims remain pending.

**I.    BACKGROUND**

Pursuant to the Court's May 21, 2018 Amended Docket Control Order (Document 46), the deadline for the parties to comply with Patent Rule 4-1 ("P.R. 4-1 Deadline") by exchanging proposed terms and claim elements requiring construction was set for July 26, 2018.

On July 25, 2018, the day before the P.R. 4-1 Deadline, counsel for Plaintiff indicated that it would be seeking to withdraw from the case.

Defendants complied with the Court's July 26, 2018 deadline and served their P.R. 4-1 Disclosures. See Defendants' Notice of Compliance (Document 62). The parties also filed a motion to amend the Docket Control Order on July 26, 2018, which was granted on July 27, 2018. The Second Amended Docket Control Order extended the P.R. 4-1 deadline to August 2, 2018 and the deadline to comply with P.R. 4-2 to August 16, 2018.

Also on July 27, 2018, Plaintiff's counsel filed a motion to withdraw as counsel without stating any basis for the withdrawal. (Document 57). Defendants opposed the motion because Plaintiff is a corporate entity that must be represented by counsel and granting the motion in the absence of substitute counsel would leave the Plaintiff unrepresented. Defendants also opposed the motion because Plaintiff's counsel had not shown any cause, much less good cause, for the requested withdrawal.

On August 2, 2018, Plaintiff's counsel indicated by email: "We identify no terms that require construction at this time."

Defendants complied with the August 16, 2018 deadline and served their preliminary claim constructions and extrinsic evidence. (See document 62). Plaintiff did not comply with the deadline and therefore waived its right to submit preliminary claim constructions and extrinsic evidence.

On August 29, 2018, the Court entered an Order denying the motion to withdraw, entering a stay of pending deadlines for 14 days and ordering the Plaintiff to file a notice with the Court within 14 days stating whether it has secured new counsel. (Document 63). The deadline of 14 days after the Court's Order was September 12, 2018. Plaintiff did not file the required notice by the deadline.

On September 13, 2018, one day after the deadline, Plaintiff filed a Notice indicating that Plaintiff was "in the process of engaging new counsel, which engagement it hopes to finalize within a week. Accordingly, Plaintiff respectfully requests that the present stay be briefly extended through September 21, 2018 in order to provide it an opportunity to do so." (Document 64).

On September 13, 2018, the court relied upon Plaintiff's representations and ordered that the stay be extended through September 21, 2018. (Document 65).

Plaintiff did not retain new counsel within the extended stay.

Plaintiff's counsel did not respond to Defendants' request to meet and confer on Defendant's P.R. 4-2 disclosures.

On October 1, 2018, Plaintiff filed an opposed motion to dismiss the case without prejudice and indicating that Plaintiff's counsel has terminated representation of Plaintiff representing to the Court "that the basis for termination was not financial, but Terra Tersus declining to follow the legal advice of its counsel." (Document 66, p. 3).

Plaintiff has yet to retain new counsel to Defendants' knowledge.

The Plaintiff has therefore failed to comply with the Court's Second Amended Docket Control Order, failed to timely comply with the Court's Order requiring it to indicate whether it has obtained new counsel, declined to follow its own counsel's advice and failed to meet and confer with Defendants as required by the Patent Rules.

## II.  DEFENDANTS' COUNTERCLAIMS MUST REMAIN PENDING

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision whether to grant a voluntary dismissal rests soundly within the district court's discretion. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317-18 (5th Cir. 2002). In ruling on a motion under Rule 41(a)(2), the court considers the risk of prejudice to the nonmovant and whether dismissal of an action will result in "plain legal prejudice" to the nonmovant. *Benson v. Trinity Indus., Inc.*, No. 3:14-CV-746-L, 2016 WL 6496425, at *1 (N.D. Tex. Feb. 1, 2016). However, Fed. R. Civ. P. 41(a)(2) states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Plaintiff's request to dismiss both its own claims **and** Defendants' counterclaims is contrary to the express language of Rule 41 which requires Defendant's counterclaims remain pending.

In addition, because Plaintiff seeks a dismissal without prejudice and has refused to provide defendants a covenant not to sue, Defendants remain at risk to the possibility of future infringement claims by Plaintiff. Under these circumstances, the Court should retain jurisdiction over Defendants' counterclaims so that these issues may be resolved as required by Rule 41.

### A.  Rule 41 Prohibits Dismissal of Defendants' Counterclaims

Plaintiff's request to dismiss Defendants' counterclaims without prejudice must be denied because it is contrary to Rule 41(a)(2). Both defendants XTO and NOV each pleaded counterclaims against Plaintiff prior to the service upon the defendants of the plaintiff's motion to dismiss without prejudice. Defendant XTO pled its counterclaim for a declaratory judgment of invalidity, non-infringement, and unenforceability as to the asserted '632 patent and the declaration of an exceptional case well before Plaintiff's instant motion. (Document 12, at 10-

4

11; Document 21, at 10-11). Defendant XTO also filed an amended answer and counterclaim on June 19, 2018, which included a count for unenforceability of the '632 patent due to inequitable conduct. (Document 50, at 11-14). Likewise, defendant NOV pled its counterclaim for a declaratory judgment of invalidity, non-infringement, and unenforceability due to inequitable conduct as to the asserted '632 patent, and the declaration of an exceptional case in its amended answer and counterclaim prior to Plaintiff's instant Motion. (Document 51, at 10-14).

In *Research in Motion Ltd., et al. v. Visto Corp.*, the court denied patent plaintiffs Research in Motion Limited's and Research in Motion Corporation's (collectively "RIML") motion to dismiss defendant Visto's counterclaims of invalidity and non-infringement without prejudice under Rule 41(a)(2) for the very same reason as urged by Defendants. 457 F. Supp.2d 708, 715 (N.D. Tex. 2006) (Fitzwater, J.). There, Visto "oppose[d] RIML's motion to dismiss on the basis that [RIML] cannot invoke Rule 41(a)(2) to effect the dismissal of Visto's counterclaims." *Id.* After reviewing the language of Rule 41(a)(2), the court held that "given Visto's objection, it is entitled to have its counterclaims remain pending in this forum. Plaintiffs' motion to dismiss is denied to the extent it would effect dismissal of Visto's counterclaims related to the '694 patent and the '457 patent." *Id.* The court made clear that it was only granting [RIML's] motion to dismiss under Rule 41(a)(2) as to their remaining claims, and that "Visto's declaratory judgment counterclaims remain pending in this court." *Id.* at 716.

### B. This Court Has Independent Jurisdictional Basis To Retain Defendants' Counterclaims

Apart from the language of Rule 41 precluding dismissal of Defendants' counterclaims, this Court has independent jurisdictional basis to retain Defendants' counterclaims. Plaintiff seeks dismissal of its infringement claims without prejudice. In its Motion, Plaintiff makes clear that the purpose for seeking dismissal is to seek the advice of alternative (replacement) counsel.

In short, Plaintiff files the instant Motion only because it presently does not have replacement counsel in light of DiNovo Price terminating its representation of Plaintiff. Should it retain replacement counsel, Plaintiff's recent filings indicate that it plans to refile suit against Defendants.

Other courts faced with similar situations under Rule 41 have ruled that there remains a substantial controversy between the parties of sufficient immediacy and reality to warrant a declaratory judgment. *In Arteris S.A.S. v. Sonics, Inc.*, plaintiff Arteris sued defendant Sonics for patent infringement. No. 12-cv-0434, 2013 WL 3052903, at *1 (N.D. Cal. June 17, 2013). Sonics counterclaimed for a declaratory judgment of non-infringement and invalidity. *Id.* Arteris subsequently filed a motion for voluntary dismissal of its patent claims without prejudice under Rule 41(a) (2) and for dismissal of Sonics' declaratory judgment counterclaims, which Sonics opposed. *Id.* at *2. After considering the parties' briefing, the court held that "because Sonics' counterclaims can remain pending for independent adjudication notwithstanding dismissal of the complaint, the Court finds that dismissal is appropriate." *Id.* at *3.

The court also separately addressed the issue of whether jurisdiction continues [for Sonics' non-infringement and invalidity counterclaims] following the dismissal of Arleris' [*sic*] patent claims. *Id.* at *5. The court found that "Sonics has shown that there is a substantial controversy between the parties of sufficient immediacy and reality to warrant a declaratory judgment on its counterclaims for non-infringement and invalidity." *Id.* at *6. The court arrived at this conclusion because "[Sonics] continues to make and offer to sell the accused SGN product in the United States" and "Arteris' motion for voluntary dismissal without prejudice is not accompanied with a covenant not to sue for infringement of the Arteris Patents …. Therefore, the dismissal of Arteris' patent claims does not divest the Court of jurisdiction over Sonics'

counterclaims because Sonics is presently engaged in activity that places it at risk of a claim for infringement by Arteris." *Id.* at *5-6.

Similarly, in *Unwired Planet, LLC v. Google Inc.*, the court likewise denied plaintiff's request to dismiss a defendant's invalidity and noninfringement counterclaims in connection with its own voluntary dismissal of certain patent infringement claims without prejudice. No. 3:12-cv-504, 2014 WL 7012499, at *4 (D. Nev. Dec. 12, 2014). In support, the court explained that "[b]ecause the Court is not dismissing the '647 and '752 Patents with prejudice, and because Plaintiff has not covenanted not to sue—thereby leaving open the possibility of future infringement claims—the Court denies Plaintiff's request to dismiss Defendant's related counterclaims." *Id.* (citing *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346-48 (Fed. Cir. 2010) (describing dismissal of counterclaims in light of a covenant not to sue)). *See also Document Generation Corporation v. AllMeds, Inc.*, 2009 WL 2849076 (D.S. Ill. 2009).

Here, as in the *Arteris* and *Unwired Planet cases*, Plaintiff Terra Tersus has refused to provide Defendants with a covenant not to sue. Plaintiff is apparently dismissing its claims without prejudice only because it has been unable to retain replacement counsel. Plaintiff apparently seeks an unlimited amount of time to retain new counsel before refiling suit against Defendants. Defendants' activities remain under the cloud of allegations of patent infringement from Plaintiff, and there remains a substantial controversy between the parties of sufficient immediacy and reality to warrant declaratory judgment on Defendants' pending counterclaims. The Court retains jurisdiction over Defendants' counterclaims and should deny Plaintiff's motion as to Defendants counterclaims.

### III. PLAINTIFF MUST HAVE COUNSEL

As set forth in Defendants' Response In Opposition To Plaintiff's Counsel's Motion to Withdraw (Document 60), the Plaintiff must be represented by counsel. Plaintiff is now, however, effectively without counsel. As a result, Plaintiff has failed to comply with Court Orders and the Local Patent Rules. Moreover, it is impossible for Defendants to meet and confer with the Plaintiff or to prepare and file required submissions such as the Joint Claim Construction and Prehearing Statement.

In view of this procedural impasse imposed upon the Court and Defendants by Plaintiff's failure to follow its counsel's advice and failure to obtain substitute counsel, Defendants submit that the Court should enter an order requiring the Plaintiff to obtain substitute counsel within 14 days of the Court's Order, indicating that Plaintiff's claims will be dismissed with prejudice upon its failure to do so and staying any deadlines until Plaintiff complies with the order. Should the Plaintiff fail to obtain substitute counsel within the deadline, Plaintiff's claims should be dismissed with prejudice.

### IV. CONCLUSION

The Court should grant Plaintiff's Motion as to Plaintiff's claims but deny the Motion as to Defendants' counterclaims. The Court should further enter an order requiring the Plaintiff to obtain substitute counsel within 14 days, staying any deadlines for such period and dismissing Plaintiff's claims with prejudice should Plaintiff fail to comply with the Order.

Respectfully Submitted,                           Dated: October 15, 2018

*/s/ Charles E. Phipps*                           */s/ Charles S. Baker*
Charles E. Phipps                                 Charles S. Baker
  Texas State Bar No. 00794457                Texas State Bar No. 01566200
  cphipps@lockelord.com                         cbaker@lockelord.com
Paul D. Lein                                      Daniel G. Nguyen
  Texas State Bar No. 24070133                Texas State Bar No. 24025560

| | |
|---|---|
| plein@lockelord.com<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201<br>Telephone: (214) 740-8000<br>Facsimile:  (214) 740-8800<br><br>**COUNSEL FOR DEFENDANT**<br>**XTO ENERGY INC.** | dnguyen@lockelord.com<br>LOCKE LORD LLP<br>600 Travis, Suite 2800<br>Houston, Texas 77002<br>Telephone: (713) 226-1200<br>Facsimile:  (713) 223-3717<br><br>**COUNSEL FOR DEFENDANT**<br>**NATIONAL OILWELL VARCO, L.P.** |

### CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Charles E. Phipps